## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Rosia Thompson**, | |
| Plaintiff, | Case No. |
| v. | |
| **Allied Interstate, LLC**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Rosia Thompson** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Allied Interstate LLC** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Ohio and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Ohio.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Cleveland, Ohio 44120.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 200 Central Ave., 7th Floor, St. Petersburg, FL 33701.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Beginning in or around May 2017 and continuing through around July 2017, Defendant repeatedly called Plaintiff on her cellular telephone.

13. Soon after calls started, Plaintiff told Defendant that she did not wish to be contacted.

14. On subsequent calls through July 2017, Plaintiff repeated her instruction to Defendant not to call.

15. Once Defendant heard Plaintiff's instruction to stop, it knew it was calling without his/her prior express consent.

16. Despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in calling Plaintiff multiple times through to July 2017.

17. During this time Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

18. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a pause or delay before being connected with Defendant's live representatives.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. The TCPA prohibits placing calls to a cellular telephone using an automatic telephone dialing system or automatically generated or prerecorded voice unless otherwise expressly permitted by law. 47 U.S.C. § 227(b)(1)(A)(iii).

21. Defendant initiated repeated calls to Plaintiff's cellular telephone.

22. Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent after Plaintiff revoked consent in May 2017.

24. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

25. Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

26. The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

27. When Defendant called Plaintiff from around May 2017 through around July 2017, it knew no later than Plaintiff's instruction to stop calling in May 2017 that it did not have prior express consent to call Plaintiff.

28. When Defendant called Plaintiff from around May 2017 through around July 2017, it knew it was placing calls to a cellular telephone.

29. Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

**Wherefore**, Plaintiff, **Rosia Thompson**, respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    d.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    e.    Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Rosia Thompson**, demands a jury trial in this case.

Respectfully submitted,

Dated: 01/02/2019

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com